The State is correct that police officers testified they purchased alcoholic beverages while attending parties at the House and, on April 10, 1993, observed gambling. Mr. Elbert, by his own admission, does not possess a liquor license. Mr. Elbert claims, however, that liquor was not in fact sold at the House, but that guests were merely contributing donations or paying membership fees or dues to his non-profit company, Nightlife Incorporated. Likewise, Mr. Elbert testified that only pool, dominoes and cards were permitted upstairs, and that gambling did not occur. Mr. Elbert's testimony contradicts that of Officers Mitchell, Bumpas, Baskerville and Stockdale. The trial court was free to believe all, some or none of the testimony of witnesses, however. *Sur–Gro Finance, Inc. v. Smith*, 755 S.W.2d 439, 441 (Mo.App.1988).

■ Since "[t]he trial court is in a better position not only to judge the credibility of witnesses directly but also their sincerity and character as well as intangibles which may not be reflected in the record," a reviewing court cannot substitute its own determination of fact for that of the trial court. *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 65 (Mo.App.1987). Considering the evidence in the light most favorable to the verdict, this court must conclude that the currency exchanged at the House represented donations rather than monetary charges for alcohol, and that no gambling occurred.[10] Because of the credibility determinations left to the trial court in this case, it cannot be held that the

ruling was against the weight of the evidence.

■ The trial court did not err in declining to find criminal activity sufficient to invoke the possibility of forfeiture under CAFA. The court did not significantly misstate the law,[11] nor did it misapply the law or rule against the weight of the evidence.

The judgment is affirmed.

All concur.

Mary WILLIAMSON, Respondent,

v.

**George E. GODAS and George's Pizza and Steakhouse, Inc., Appellants.**

No. WD 49640.

Missouri Court of Appeals, Western District.

April 25, 1995.

Charles W. Franklin, Franklin & Dowling, Fulton, for appellants.

---

10. The State may be contending that the charging of membership fees, donations or dues is itself an act which constitutes the "sale" of liquor for the purposes of Chapter 311. In its brief, the State argues that most of the criminal activity alleged was uncontroverted; yet, the only uncontradicted testimony regarding potential alcohol sales was the serving of liquor at the parties to those who had paid a fee to become members of Nightlife Incorporated.

If the State believes such activity is criminal, it has failed to present any kind of argument, supported by legal authority, that such charges can be interpreted as sales. Since no such argument was made and no definitive answer to the question is readily apparent upon this court's own perusal of the applicable law, the State has failed to carry its burden of persuasion on this point. The burden of persuasion is on the party assert-

ing error in the decision appealed from. *Mo. Health Fac. v. Administrative Hearing Com'n*, 700 S.W.2d 445, 451 (Mo. banc 1985).

11. The trial court misstated the law in declaring, without qualification, that CAFA "does not require a finding of criminal responsibility to sustain an order of forfeiture." As discussed earlier, this statement is correct as to the 1986 version of CAFA. After August 28, 1993, however, when § 513.617 went into effect, a guilty plea or criminal conviction became necessary as a prerequisite to CAFA forfeiture. The trial court's misstatement was harmless error, though, since no guilty plea or conviction arose from events transpiring in the House after the August 28, 1993. This court should not disturb a correct result, even if the trial court gave a wrong or insufficient reason for its decision. *Anderson v. Anderson*, 869 S.W.2d 289, 292 (Mo.App.1994).

Ann P. Hagan, Hagan & Maxwell, L.L.C., Mexico, for respondent.

Before BRECKENRIDGE, P.J., and FENNER and LAURA DENVIR STITH, JJ.

### ORDER

PER CURIAM:

George E. Godas and George's Pizza and Steakhouse, Inc., appeal the trial court's denial of their motion to set aside a default judgment.

Judgment affirmed. Rule 84.16(b).

■

**STATE of Missouri, Respondent,**

v.

**Justin Matthew DOWNEY, Appellant.**

**No. WD 49404.**

Missouri Court of Appeals, Western District.

April 25, 1995.

Thomas J. Downey, Jefferson City, for appellant.

Robert W. Russell, Asst. Pros. Atty., Cole County, Jefferson City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

### ORDER

PER CURIAM:

Justin Matthew Downey was convicted of driving while intoxicated, § 577.010, RSMo 1994, and sentenced to two days in jail. He presents two points on appeal claiming that: (1) he was denied his statutory right to counsel under § 544.170, RSMo 1994; and (2) the relevant evidence does not support his guilt beyond a reasonable doubt. The judgment of the trial court is affirmed. Rule 30.25(b).

■

**Zane B. EDGINGTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 49579.**

Missouri Court of Appeals, Western District.

April 25, 1995.

Patricia A. Richter, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

### ORDER

PER CURIAM:

Appeal from the denial of a Rule 24.035 motion for post-conviction relief.

Affirmed. Rule 84.16(b).

